**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN KADONSKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABU AHSAN, et al.,<br><br>　　　　　Defendants. | Civil Action No. 14-7248 (MAS) (LHG)<br><br>**MEMORANDUM AND ORDER** |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Steven Kadonsky pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by Defendants through, among other things, the alleged denial of adequate medical services. The Court previously screened the Third Amended Complaint ("TAC"), and dismissed supervisory defendants Charles Warren, Stephen D'Ilio, and Kenith Nelson, as well as defendant New Jersey Department of Corrections ("NJDOC") from the case. (Order, July 1, 2016, ECF No. 28) ("Prior Order"). The Court also dismissed all state law claims for lack of jurisdiction. (*Id.* at 7.) In addition, the Court afforded Plaintiff the opportunity to amend to cure the defects identified in the TAC. (*Id.*) Presently before the Court is Plaintiff's Fourth Amended Complaint ("FAC"). (ECF No. 34.) The Court has screened the FAC pursuant to 28 U.S.C. § 1915A, and it appearing:

　　1.　　The Court reinstates Plaintiff's state law claims. The Court previously dismissed all state law claims in the TAC because Plaintiff had failed to demonstrate that he filed notices of claims against Defendants, a jurisdictional requirement under New Jersey law. (*See* Prior Order 6.) In the FAC, Plaintiff provides detailed evidence of having filed such notices. (*See* FAC 95-113.) As such, the Court revives these claims, and NJDOC is reinstated as a defendant under the

doctrine of vicarious liability. *See Scott-Neal ex rel. Scott v. N.J. State Dep't of Corr.*, 366 N.J. Super. 570, 577 (App. Div. 2004) (finding that because "agencies cannot delegate the responsibility for providing adequate inmate healthcare," NJDOC remains vicariously liable for any medical malpractice and negligence claims asserted against private medical contractors).

2. All federal claims against NJDOC, however, remain dismissed with prejudice. The Court dismissed all claims against NJDOC in the TAC with prejudice because, under the Eleventh Amendment, NJDOC is immune from suits in federal court. (Prior Order 2.) Thus, to the extent Plaintiff is attempting to reassert his federal claims against NJDOC, those claims have already been decided, and Plaintiff is precluded from asserting them again. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (holding that a district court may dismiss claims on a res judicata defense, pursuant to its sua sponte screening authority under § 1915).

3. All federal claims against supervisory defendants Warren, D'Ilio, and Nelson also remain dismissed. The Court previously dismissed the claims against Warren and D'Ilio in the TAC because Plaintiff's allegations were insufficient to establish personal involvement. (Prior Order 3.) Plaintiff attempts to cure that deficiency by including copious allegations that he has filed many prison grievance forms. With the exception of one piece of correspondence addressed to Warren, however, (*see* FAC 12-13), Plaintiff does not allege that he sent repeated grievances directly to Warren and D'Ilio, an issue that the Court identified in the Prior Order (Prior Order 3). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015). Here, Plaintiff does not allege that Warren or D'Ilio was aware of these grievance forms, let alone reviewed or responded to any of them—the

2

fact that they were supervisors and could have potentially been aware of and reviewed Plaintiff's grievances is too speculative to establish personal involvement.

4. Even if the Court assumes that the allegations were sufficient to establish personal involvement, which the Court did with regard to Nelson in the Prior Order, all federal claims against Warren, D'Ilio, and Nelson would still be subject to dismissal. As the Court explained in the Prior Order, under Third Circuit precedent, "[i]f a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* As the Court found in the Prior Order, the only allegation relating to knowledge by the supervisory officials was a response from Nelson explicitly stating his reliance on the prison medical staff, which under *Spruill* would foreclose liability. (Prior Order 4.) In the FAC, Plaintiff essentially reasserts the same argument and allegations. (*See* FAC 20.) The Court sympathizes with Plaintiff's frustration regarding his alleged inadequate medical treatment, and has allowed his claims against prison medical personnel to proceed. Nevertheless, Plaintiff's frustration is not a justification to drag every prison official within NJDOC into court, under the assumption that they must have been personally involved by virtue of being supervisory officials—the law requires more. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, all federal claims against Warren, D'Ilio, and Nelson remain dismissed.

3

IT IS therefore on this 19th day of July, 2017,

ORDERED that all federal claims against Defendants Charles Warren, Stephen D'Ilio, and Kenith Nelson in the Fourth Amended Complaint are hereby **DISMISSED WITHOUT PREJUDICE**;

ORDERED that NJDOC is hereby **REINSTATED** as a defendant in this case;

ORDERED that all federal claims against Defendant NJDOC in the Fourth Amended Complaint are hereby **DISMISSED WITH PREJUDICE**;

ORDERED that all other claims in the Fourth Amended Complaint, including the state law claims, are permitted to proceed; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve an answer within fourteen days from the date of entry of this Order.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4