# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

    Plaintiff,

v.

ABU AHSAN, et al.,

    Defendants.

Civil Action No. 14-7248 (MAS) (LHG)

**MEMORANDUM AND ORDER**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Steven Kadonsky pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by Defendants through, among other things, denial of proper medical services. Plaintiff also brings state law medical malpractice claims against Defendants. Presently before the Court is a motion to dismiss, or in the alternative for summary judgment, filed by the defendants involved in the medical claims. (ECF No. 47.)

The Court dismisses the motion without prejudice. Local Civil Rule 7.2 limits briefs filed with motions to 40 pages in length. L.Civ.R. 7.2(b). "Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief." *Id.* Here, excluding the table of contents and authorities, the brief supporting the motion to dismiss is forty-five pages. (*See* Defs.'s Br., ECF No. 47-2.) Defendants did not seek permission from the Court to file an over-length brief.

The Court notes that Defendants' brief exceeds forty pages because Defendants raise claims that are either improper for a motion to dismiss or are disfavored prior to discovery. For example, one of the arguments Defendants raise in support of dismissal of Plaintiff's medical malpractice claims is Plaintiff's alleged failure to file an affidavit of merit as required under state

law. (*See* Defs.'s Br. 11.) The Third Circuit, however, has held that an affirmative defense based on the lack of an affidavit of merit should be raised on a summary judgment motion. "[A] defendant seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit [of merit] should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). "[T]he affidavit [of merit] is not a pleading requirement[.]" *Id.*

Furthermore, Defendants dedicate a considerable portion of their brief to raising arguments that rely heavily on Plaintiff's medical records, before Plaintiff, pro se, even has the opportunity to obtain the medical records through discovery. "If discovery is incomplete, a district court is rarely justified in granting summary judgment[.]" *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015); *see Scholar Intelligent Sols., Inc. v. N.J. Eye Ctr., P.A.*, No. 13-0642, 2013 WL 2455959, at *2 (D.N.J. June 5, 2013) (summary judgment motion filed before discovery deemed premature). "State and Federal Governments, as well as our district courts, work together to ensure pro se prisoner-plaintiffs receive adequate notice of an imminent motion for summary judgment." *Renchenski v. William*, 622 F.3d 315, 340 (3d Cir. 2010). "It follows from *Renchenski* and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant." *Vistine v. Zickefoose*, No. 11-4678, 2012 WL 6691783, at *3 (D.N.J. Dec. 21, 2012). Without these arguments, Defendants' brief would most likely not have exceeded the page limit. Accordingly, because Defendants' motion does not comply with the local rules, the Court dismisses the motion without prejudice. Defendants may file a new motion, consistent with the Court's holdings herein, within ten days of this Order.

IT IS, therefore, on this 9th day of August, 2017,

**ORDERED** that Defendants' motion to dismiss (ECF No. 47) is hereby **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that Defendants may refile the motion within ten (10) days of this Order; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail.

                                                                  /s/ Michael A. Shipp
                                                                  **MICHAEL A. SHIPP**
                                                                  **UNITED STATES DISTRICT JUDGE**