UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

    Plaintiff,

v.

ABU AHSAN, et al.,

    Defendants.

Civil Action No. 14-7248 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Steven Kadonsky pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by Defendants through, among other things, denial of proper medical services. Plaintiff also brings state law medical malpractice claims against Defendants. Presently before the Court is a hybrid motion to dismiss and for summary judgment, asserting defenses under both Rule 12(b)(6) and Rule 56, filed by the defendants involved in the medical claims. (ECF No. 47.)

One of the defenses raised by Defendants with respect to Plaintiff's state-law medical malpractice claims is that Plaintiff failed to file an affidavit of merit as required by state law. Defendants move for dismissal on this defense instead of summary judgment. (*See* Defs.' Br. 2, 11, ECF No. 47-2.) The Third Circuit has held, however, that an affirmative defense based on the lack of an affidavit of merit should be raised on a summary judgment motion. "[A] defendant seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit [of merit] should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). "[T]he affidavit [of merit] is not a pleading requirement[.]" *Id.*

When a party files a hybrid motion raising both Rule 12(b)(6) and Rule 56 defenses, the Third Circuit has cautioned that courts must provide notice to the non-moving party when converting a Rule 12(b)(6) defense to a Rule 56 defense, unless the non-moving party already had notice that the ground raised could be or would be raised in a summary judgment context. *See, e.g., Razzoli v. Dir., Bureau of Prisons*, 293 F. App'x 852, 855 (3d Cir. 2008); *Scott v. Graphic Commc'ns Int'l Union, Local 97-B*, 92 F. App'x 896, 902-03 (3d Cir. 2004); *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). This is especially so for a pro se prisoner. "State and Federal Governments, as well as our district courts, work together to ensure pro se prisoner-plaintiffs receive adequate notice of an imminent motion for summary judgment." *Renchenski v. William*, 622 F.3d 315, 340-41 (3d Cir. 2010). "It follows from *Renchenski* and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant." *Vistine v. Zickefoose*, No. 11-4678, 2012 WL 6691783, at *3 (D.N.J. Dec. 21, 2012).

Defendants clearly move for dismissal on the affidavit of merit defense, and do not state in their brief that they also seek summary judgment in the alternative. As such, the Court cannot find that Plaintiff had adequate notice that Defendants raised this defense in the summary judgment context. Indeed, in his opposition, Plaintiff refers to this defense as raised in a "motion to dismiss," (*see* Pl.'s Opp'n Br. 13, ECF No. 54), and submits no evidence to substantiate his opposition. Plaintiff's apparent confusion is further complicated by the fact that no *Ferreira* conference appears to have been held to explain Plaintiff's obligations under the affidavit of merit statute.[1]

---

[1] Under New Jersey law, when a plaintiff raises a medical malpractice claim, "[a] *Ferreira* conference must be held within ninety days of service of the answer, at which time the plaintiff's obligations under the AOM [(affidavit of merit)] statute may be clarified and the court and counsel may address the adequacy of any AOM already obtained." *McCormick v. State*, 446 N.J. Super.

2

While it is unclear whether a *Ferreira* conference is necessary in federal court, *see Vitale v. Carrier Clinic, Inc.*, 409 F. App'x 532, 535 (3d Cir. 2010), the lack of one here, although not dispositive, may have contributed to Plaintiff's confusion. *See Nuveen*, 692 F.3d at 309 ("[T]he New Jersey Supreme Court . . . held that the absence of this conference will not preclude dismissal."); *McCormick v. State*, 446 N.J. Super. 603, 617 (App. Div. 2016) ("[W]e cannot conclude on the limited record before us that the lack of a *Ferreira* conference in this case was inconsequential.") Here, the Court finds that Defendants' affidavit of merit defense should be appropriately raised as a summary judgment defense. Accordingly, the Court: (1) converts the defense into a Rule 56 defense as authorized by Rule 12(d); (2) hereby provides notice to Plaintiff of the conversion; and (3) will afford Plaintiff a reasonable opportunity to respond to the defense in that context. Defendants' motion is administratively terminated for the purposes of docket management, and will be reinstated once the Court receives Plaintiff's response.

Plaintiff is additionally notified that he must submit evidence of his requests for medical records with the prison in opposing summary judgment on this ground—he must show there is a genuine dispute of material facts. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In the alternative, Plaintiff may oppose summary judgment by filing an affidavit showing that, "for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d); *see Abulkhair v. Citibank & Assocs.*, 434 F. App'x 58, 61-62 (3d Cir. 2011). If Plaintiff files a Rule 56(d) affidavit, the affidavit must clearly explain Plaintiff's "need for discovery, what material facts [he] hopes to uncover and why [he] has not previously discovered the information." *Abulkhair*, 434 F. App'x at 61-62. Failure to submit a Rule 56(d) affidavit will

---

603, 619 (App. Div. 2016) (referring to *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144 (2003)).

3

be construed as an admission that no additional discovery is necessary for the Court's disposition of the summary judgment motion.

IT IS therefore on this 23rd day of October, 2017,

**ORDERED** that, within thirty (30) days from the date of this Order, Plaintiff may file one (1) supplemental brief in opposition to summary judgment based on Defendants' affidavit of merit defense, in a manner consistent with the instructions herein;

**ORDERED** that Defendants may file a reply within ten (10) days of the date Plaintiff's supplemental brief is filed on the docket;

**ORDERED** that the Clerk shall administratively terminate the motion to dismiss (ECF No. 47); and it is further

**ORDERED** that the Clerk of the Court shall serve this Order, and the attached copy of Federal Rule of Civil Procedure 56, upon Plaintiff by regular mail. *See Renchenski*, 622 F.3d at 340.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**