**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN KADONSKY, | |
| Plaintiff, | Civil Action No. 14-7248 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| ABU AHSAN, et al., | |
| Defendants. | |

Plaintiff is proceeding with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, as well as related state-law tort claims. Presently before the Court is a hybrid motion to dismiss/motion for summary judgment by Defendants ("Motion"). (ECF No. 47.) For the reasons stated below, the Motion is granted in part, denied in part, and the Complaint is dismissed.

## I. BACKGROUND

The following facts are taken from Plaintiff's statement of facts (ECF No. 54-1), or from Defendants' statement of facts (ECF No. 47-3), to the extent they are not disputed by Plaintiff. All facts are viewed in the light most favorable to Plaintiff, the party opposing the Motion. On September 21, 2011, Plaintiff awoke in bed with excruciating pain in his neck. He immediately sought medical attention from the prison's medical personnel. Numerous tests were performed, but no cause for the pain was identified. Thereafter, based upon his own research, Plaintiff furnished the medical personnel with his self-diagnosis of stroke. Plaintiff then demanded an MRI of his head and to be seen by a neurologist. For the next year, many diagnostic tests were performed, and all came back negative for stroke. Finally, a precautionary MRI was performed, which revealed the real source of Plaintiff's pain: two degenerative vertebrae in his neck.

Treatment for the condition soon began, and based on the record, pain management appears to be ongoing, although Plaintiff claims that the treatment has been ineffective.

Plaintiff filed a Complaint on September 10, 2014 in state court, and the matter was removed to this Court on November 20, 2014. After protracted motion practice, Plaintiff filed the Fourth Amended Complaint ("FAC"), the operative pleading, on July 26, 2016. (ECF No. 34.) The Court construes the FAC as raising an Eighth Amendment denial of medical services claim, a state-law medical malpractice claim, and other state-law tort and statutory claims. Defendants moved for summary judgment on the Eighth Amendment claim, and moved to dismiss the medical malpractice claims based on Plaintiff's failure to submit an Affidavit of Merit ("AOM") as required by state law. The Court converted the AOM dismissal defense to a summary judgment defense pursuant to *Nuveen Municipal Trust ex rel. Nuveen High Yield Municipal Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012), and allowed supplemental briefing on the AOM defense. (Order, Oct. 23, 2017, ECF No. 63.)

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage

in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)); *Anderson*, 477 U.S. at 255; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There can be "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). While courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a *pro se* plaintiff is not exempt from his burden of providing some affirmative *evidence*, *i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

### III. DISCUSSION

#### A. Eighth Amendment Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 328 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015). Under *Estelle*, in order to state a valid claim for denial of medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Barkes*, 766 F.3d at 321; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah*

4

v. *Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to the reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Plaintiff fails to establish a prima facie case of denial of medical services. Specifically, Plaintiff fails to establish that Defendants acted with deliberate indifference. As Plaintiff concedes, at no point did Defendants discontinue the diagnosis or treatment of Plaintiff's condition. Here, the medical treatment may have been ineffective at times and there was a delay in diagnosing Plaintiff's real condition, but that was at least partly due to Plaintiff's insistence on being treated for a stroke.[1] While Defendants' actions sound in negligence, Plaintiff provides no evidence that Defendants were aware of his neck injury prior to its discovery during the precautionary MRI, let alone that Defendants intentionally refused to provide or delayed treatment for said injury.

---

[1] In his opposition to the Motion, Plaintiff seems to have changed his position and now asserts that Defendants misdiagnosed him with a stroke. (*See* Pl.'s Statement of Facts, ¶ 27.) This, however, belies Plaintiff's own allegations in the FAC, where he alleged Defendants failed to investigate his apparent stroke or possible brain aneurysm, which suggests a history of self-diagnosis. (FAC, ¶ 50.)

5

Defendants may have intentionally refused to provide treatment for a stroke, but that was because there was no evidence of a stroke, which turned out to be correct.

The Court is sympathetic to Plaintiff's frustration with what he perceives to be inadequate treatment. Plaintiff, nevertheless, fails to state an Eighth Amendment claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Fantone v. Herbik*, 528 F. App'x 123, 125 (3d Cir. 2013) (quoting *U.S. ex rel. Walker v. Fayette Cty. Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)); *see Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015) ("A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Even in his allegations of denial of medical services after the injury was diagnosed, Plaintiff admits that he has been continually treated for his pain, but asserts that the treatment has been ineffective. There is no evidence, however, that Defendants intentionally withheld a more effective treatment. In sum, the record is devoid of any evidence that Defendants were deliberately indifferent to Plaintiff's actual injury. Accordingly, the Court finds that Plaintiff has failed to make a prima facie showing of an Eighth Amendment denial of medical services claim, and summary judgment is granted in favor of Defendants on this claim.[2]

---

[2] Plaintiff also asserts a claim under the Americans with Disabilities Act ("ADA"), for the alleged failure to provide necessary medical treatment for his neck "disability." (FAC, ¶¶ 214-274.) As the Third Circuit has already held, failure to provide treatment for a medical condition is not a violation of the ADA. *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006); *see Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.").

## B. Medical Malpractice Claim

Defendants assert that Plaintiff's medical malpractice claim should be dismissed because Plaintiff failed to submit an AOM as required by state law. Under New Jersey state law,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. Failure to file a timely AOM generally "requires dismissal of the action with prejudice." *Nuveen*, 692 F.3d at 305; *see also* N.J.S.A. § 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an AOM). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the AOM statute. *Id.* The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception"; (iii) an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) "'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

Here, Plaintiff concedes that he did not submit an AOM as required by law. He invokes, however, the first and second exceptions to excuse his failure. With regard to the first exception, the state statute provides that:

> An affidavit shall not be required . . . if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified

mail or personal service; and at least 45 days have elapsed since the defendant received the request.

N.J.S.A. § 2A:53A-28.

> N.J.S.A. 2A:53A-28 applies only to medical records or other records having a substantial bearing on preparation of the affidavit[.] A plaintiff may request a great variety of documents to assist in the preparation of a case that are not essential for the preparation of an affidavit of merit. Moreover, it generally would be difficult, if not impossible, for a defendant to distinguish between documents that have "a substantial bearing on preparation of the affidavit [of merit]" and documents that may simply aid the plaintiff in the eventual proof of a case at trial. Therefore, N.J.S.A. 2A:53A-28 must be construed to require a plaintiff to identify with specificity any medical records or other information he believes are needed to prepare an affidavit of merit, in order to trigger the forty-five day period for a response.

*Mangone v. Morris Cty. Surgical Ctr.*, No. A-1200-15T2, 2017 WL 4640098, at *4 (N.J. Sup. Ct. App. Div. Oct. 17, 2017) (quoting *Scaffidi v. Horvitz*, 343 N.J. Super. 552, 558-59 (App. Div. 2001)). While "wholesale refusal to produce the medical records" by a defendant may create a presumption that the withheld records have a substantial bearing on the preparation of an AOM, when some records have been provided but not others, it is Plaintiff's burden to show why the withheld records are substantial for the purposes of an AOM. *Id.* at *5.

Here, there is no record of Plaintiff ever submitting a "sworn statement in lieu of the affidavit" ("SIL") as required by § 2A:53A-28. Plaintiff argues that he substantially complied with the SIL statute when he made repeated requests to obtain his medical records from Defendants. As the statute makes clear, however, the SIL must not only identify the medical records being sought, but must also include an assertion that they are necessary for the preparation of an AOM. Failure to include the latter does not comply with the SIL statute. *Mangone*, 2017 WL 4640098, at *4. Indeed, Plaintiff concedes that he received some records but not others (Pl.'s Opp. Br. 20, ECF No. 54), and under such circumstances, it is Plaintiff's burden to assert and

notify Defendants that the missing records were necessary for the preparation of an AOM. Although Plaintiff makes such an assertion now in his opposition, there is no evidence that he made such an assertion to Defendants when making his requests for medical records. Furthermore, the SIL statute requires a "sworn statement," and there is no evidence that a sworn statement was ever submitted to Defendants. Under both *Mangone* and *Scaffidi*, that is insufficient to trigger the SIL exception to the AOM requirement.

With regard to the second exception, the "common knowledge" exception, Plaintiff argues that Defendants' negligence was so apparent that an AOM was not required. Specifically, Plaintiff argues that "[i]t is within the common knowledge of any lay person that it is negligent to allow a person to languish in that much pain for over one year without any meaningful medical care." (Pl.'s Opp. Br. 24.) Certainly, a lay person would understand that excruciating pain should be medically treated. Plaintiff, however, *was* treated. A lay person would not have any knowledge as to whether the treatment Plaintiff received amounted to negligence or malpractice. Here, Plaintiff's argument is simply a classic case of hindsight. Until the precautionary MRI revealed the neck injury, neither Plaintiff nor Defendants understood Plaintiff's real medical issue. Whether the treatment and tests Plaintiff received were medically proper, and whether objectively reasonable medical care would have resulted in an earlier proper diagnosis, are questions that must be answered by a competent medical professional.

Essentially, Plaintiff's argument amounts to an assertion of res ipsa loquitur, that because he was in constant pain for over a year, and Defendants were not able to properly treat the pain, it must be due to negligence. The facts of this case are insufficient to trigger such an inference. "[P]laintiff did not establish that the probabilities favored defendant's negligence because, without expert testimony establishing the standard of care [], any res ipsa loquitor inference requires a

knowledge [] that is outside of the common knowledge of a jury." *Wright v. Premier Bus. Mgmt.*, No. L-6000-13, 2017 WL 2536348, at *3 (N.J. Sup. Ct. App. Div. June 9, 2017). "Res ipsa loquitor is not a panacea for the doomed negligence cause of action. A plaintiff is not entitled to prosecute a case under the doctrine any time there is an unexplained accident for which a defendant might plausibly be responsible." *Id.* at *4 (internal citations and quotations omitted). The Court, accordingly, finds that the second exception does not apply here.

Ironically, Plaintiff may have been partially responsible for his own prolonged suffering by insisting that Defendants diagnostically evaluate potential causes that were irrelevant to his actual injury. Whether Defendants allowed an uninformed patient to cloud their medical judgment, and, if so, whether that amounted to negligence, are questions that have not been answered based on the evidence in the record. Those questions also do not need to be answered here. The purpose of an AOM is to establish, at the outset, that there was arguable merit to Plaintiff's claim. Plaintiff, however, failed to submit an AOM. Because Plaintiff concedes that he did not submit an AOM as required by law, and the Court finds that none of the exceptions to the AOM requirement applies, the Court holds that Plaintiff failed to satisfy the AOM requirement of his state-law medical malpractice claim, and summary judgment is granted in favor of Defendants on this claim. Plaintiff's medical malpractice claim is, therefore, dismissed with prejudice.

C. **Other State Law Claims**

Having disposed of all federal claims in the FAC, to the extent the FAC raises any other state law claims, the Court declines supplemental jurisdiction. Title 28, Section 1367(c)(3) of the United States Code permits the district court, within its discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Indeed, the Third Circuit has used even stronger language to describe

the court's obligations under the provision. "[T]he power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

In light of the fact that this case is still before trial, that all remaining claims are state law based, and that no extraordinary circumstances exist to compel the Court to exercise jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court, therefore, dismisses these claims without prejudice. Plaintiff is hereby advised that § 1367(d) permits a tolling of 30 days on the statute of limitations period of Plaintiff's remaining state law claims after the Court's dismissal here, and failure to assert those claims in state court within the 30 days may result in the claims being time-barred.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 28, 2018