**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN KADONSKY, | Civil Action No. 14-7248 (MAS) (LHG) |
| Plaintiff, | |
| | **OPINION** |
| ABU AHSAN, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Presently before the Court is Plaintiff Steve Kadonsky's Motion for Reconsideration ("Motion"), (ECF No. 70), challenging this Court's March 28, 2018 order granting in part, and denying in part Defendants' hybrid Motion to Dismiss/for Summary Judgment and dismissing Plaintiff's Fourth Amended Complaint without prejudice. (Order, Mar. 28, 2018, ECF No. 69.) For the reasons stated below, the Court denies the Motion.

**I.  Standard of Review**

A motion for reconsideration of a final judgment is governed in this District by Local Civil Rule 7.1(i). *Treusch v. Center Square Supermarket, LLC*, No. 11-4874, 2013 WL 1405031, at *3 (D.N.J. Apr. 5, 2013). Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm.*

*L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quotation and citation omitted). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77–78 (D.N.J. 2012) (quotation and citation omitted). "The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." *Id.* at 78 (citation omitted).

## II. Discussion

### A. Timeliness

Defendants contend that Plaintiff's Motion is out of time. Plaintiff explains that he was not given immediate access to the prison law library. (Pl.'s Decl., 1–2, May 7, 2018, ECF No. 70-2.) The Court will permit Plaintiff to file his Motion for Reconsideration as within time.

### B. Merits Analysis[1]

Plaintiff does not point to an intervening change in the controlling law, nor does he rely on any new evidence that was not available when the Court rendered the prior judgment. Therefore, the Court analyzes Plaintiff's arguments solely under the third prong of the legal standard described above—the need to correct a clear error of law or fact or to prevent manifest injustice.

In his lengthy Motion, Plaintiff appears to raise two overarching arguments: (1) that the Court misconstrued the facts regarding his Eighth Amendment deliberate indifference claims; and

---

[1] Familiarity with the factual and procedural background of this case is presumed. A detailed recitation of the relevant background is set forth in the Court's Opinion granting in part, and denying in part Defendants' hybrid Motion to Dismiss/for Summary Judgment dated March 28, 2018, (Op. 1–2, ECF No. 68), and the Court need not recount it here.

2

(2) that Plaintiff substantially complied with the state law requirement to provide an Affidavit of Merit ("AOM") on his medical malpractice claims.

With regard to the first point, Plaintiff points to no error or mistake made by this Court—rather he merely disagrees with this Court's findings, which is not a valid ground for relief. Plaintiff does no more than pick apart each word of the opinion, alleging that the Court mischaracterized the facts. For example, Plaintiff takes issue with the suggestion that he self-diagnosed his stroke. (Pl.'s Br. in Supp. of Mot. 5, ECF No. 70-1.) Plaintiff's medical records indicate exactly that. (*See* Pl.'s Mot. to Seal, Ex. 3, Ex. 6, ECF No. 48-4.) Without referencing every point made by Plaintiff, the Court notes that the Motion is an attempt by Plaintiff to reargue his deliberate indifference claims, which is improper on a motion for reconsideration. *See Delanoy v. Twp. Of Ocean*, No. 13–1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (explaining that reconsideration motions "may not be used to re-litigate old matters . . .") (quotation and citation omitted). Plaintiff presents the same facts that have already been considered by the Court in rendering its judgment.

With respect to the second point, this Court thoroughly explained in its March 28 opinion that Plaintiff does not fall within any of the four exceptions that would excuse his failure to comply with New Jersey's AOM statute. (Op. 7–10, Mar. 28, 2018, ECF No. 68.) Plaintiff reiterates his arguments that he falls within the first two exceptions—the lack of knowledge and common knowledge exceptions. Once again, for reasons already explained, this is not the case. Plaintiff bases his argument on the fact that he did not receive a DVD of the MRI results, despite having received other medical records. While that may be true, there is nothing in the record to indicate that he informed Defendants that the DVD was necessary to prepare an AOM—his obligation under New Jersey law. *See Mangone v. Morris Cty. Surgical Ctr.*, Indictment No. A-1200-15T2,

3

2017 WL 4640098, at *4 (N.J. Super. Ct. App. Div. Oct. 17, 2017) (finding plaintiff could not file a sworn statement in lieu of an AOM (SIL) because he did not specify why certain logs were needed to prepare the AOM). Nor has Plaintiff identified any facts that the Court overlooked in finding he did not meet the common knowledge exception. Plaintiff raises the same arguments and identifies the same facts which the Court already considered in rendering its prior judgment. Therefore, the motion for reconsideration is denied.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration is denied. An appropriate Order follows.

Dated: 9/19/18

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**